IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IVY BETANCOURT,

    Plaintiff,

v.                             Case No.:

FLORIDA DEPARTMENT
OF CORRECTIONS, CYNTHIA UNDERHILL,
in her individual capacity, BARRY
REDDISH, in his individual capacity,

    Defendants.
_____/

## COMPLAINT

Plaintiff, IVY BETANCOURT, hereby sues Defendants, FLORIDA DEPARTMENT OF CORRECTIONS ("DOC"), CYNTHIA UNDERHILL in her individual capacity, BARRY REDDISH in his individual capacity, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under 42 U.S.C. §§ 1983, which authorizes actions to redress the deprivation, under color of state law, rights, privileges, and immunities secured to Plaintiff by the First Amendment of the United States Constitution and laws of the United States, under 42 U.S.C. §1988, which authorizes the award of costs and attorney's fees to prevailing plaintiffs in actions brought under 42 U.S.C. §1983.  This action is also brought pursuant to 42 U.S.C. § 2000e *et seq*.

1

("Title VII") and 42 U.S.C. §1981, an Act of Congress providing for the protection of civil rights.

2.     This is an action for damages which are in excess of Seventy-Five Thousand Dollars ($75,000.00), injunctive and equitable relief, attorney's fees and costs.

3.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because Defendant is headquartered within the Northern District of Florida.

## THE PARTIES

5.     At all times pertinent hereto, Plaintiff, IVY BETANCOURT, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her race and sex.

6.     At all times pertinent hereto, Defendant, CYNTHIA UNDERHILL, in her individual capacity, has been residing within the jurisdiction of this Court and is sued in her individual capacity. She is *sui juris*.

7.     At all times pertinent hereto, Defendant, BARRY REDDISH, in his individual capacity, has been residing within the jurisdiction of this Court and is sued in his individual capacity. He is *sui juris*.

2

8.      At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, has been doing business under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

9.      Plaintiff has satisfied all of the conditions precedent to bringing this action in that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and was issued a Notice of Suit Rights.

## STATEMENT OF THE ULTIMATE FACTS

10.     Plaintiff was employed by Defendant beginning December 17, 2021, as a Correctional Officer Trainee ("COT").

11.     Plaintiff was the only Black female in her training class for Lawtey Correctional Institute.

12.     On Thursday, March 23, 2022, Plaintiff was attending FSP Basic Recruit Training when class leader Cadet Arias called the cadets to attention to recite the Pledge of Allegiance.

13.     Plaintiff stood at attention but did not verbally recite the pledge.

14.     During the class recitation, Instructor Sam Norris, who is a white male, approached Plaintiff and stood next to her, glaring angrily.

3

15.     Plaintiff was not the only cadet who did not verbally recite the pledge. Other white male cadets were also standing at attention but not verbally reciting the pledge. Nevertheless, Mr. Norris continued staring exclusively at Plaintiff as he walked toward the back of the class.

16.     After the recitation was finished, Mr. Norris requested that Plaintiff see him in his office.

17.     In the office, Plaintiff met with Mr. Norris and another instructor, Caitlin McLaughlin. Ms. McLaughlin told Plaintiff that her refusal to recite the pledge was a crime, and that Plaintiff had broken the law when she did not recite the pledge.

18.     Further, Ms. McLaughlin told Plaintiff that she found Plaintiff's actions offensive because "people like [Plaintiff] were afforded opportunities under her flag and took advantage of opportunities in her country."

19.     After this exchange, Mr. Norris placed a call and told Plaintiff that she was excused from class. Both instructors continued to accuse Plaintiff of committing a crime. The instructors gave Plaintiff a document containing the case *Garcetti v. Ceballos*, 547 U.S. 410 (2006). The instructors insisted, incorrectly, that the *Garcetti* case proved that Plaintiff was not protected under the First Amendment. The document also included a paper outlining the program's practices and standards.

Notably, recitation of the Pledge of Allegiance was not included as part of the practices and standards or part of her official duties.

20.    The meeting concluded and Plaintiff was advised to return to Lawtey Correctional Institution. Upon arrival, Plaintiff met with Assistant Warden Cynthia Underhill, Major Latonya McCrea, and Instructor Caitlin McLaughlin.

21.    Plaintiff was directed to write an incident report. Plaintiff was not charged with any alleged crime. Following this meeting, Major McCrea told Plaintiff that the pledge was not a requirement of her employment, Plaintiff did not need to recite the pledge, and the Pledge of Allegiance was not part of Plaintiff's duties or responsibilities as an officer.

22.    On the following Monday, March 28, Warden Barry Reddish, a white male, terminated Plaintiff. Warden Reddish gave no explanation for the termination, telling Plaintiff that he "wasn't going to discuss the matter any further with the likes of [Plaintiff]" before asking if Plaintiff was going to sign the dismissal letter. Plaintiff declined to sign the letter, and her termination was processed.

23.    Defendant DOC does not dispute that Plaintiff was terminated for her failure to recite the Pledge of Allegiance and reiterated the same to the EEOC.

24.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws applicable to this action.

**COUNT I**
**VIOLATION OF THE FIRST AMENDMENT 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

25. Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. This count sets forth a claim against Defendants for violations of Plaintiff's First Amendment rights.

27. Defendants are persons under the law.

28. Defendants are liable, jointly and severally, for their actions, individually and in concert, which violated the civil rights of Plaintiff under the First Amendment. The law was clearly established at the time that the actions against Plaintiff were taken.

29. The foregoing allegations establish a cause of action for unlawful retaliation under 42 U.S.C. § 1983 because Plaintiff's speech was protected under the First Amendment to the United States Constitution.

30. The foregoing unlawful actions by Defendants were purposeful.

31. Recitation of the Pledge of Allegiance was not a requirement of Plaintiff's employment. Plaintiff was within her rights not to recite the Pledge of Allegiance and Defendants cannot compel such speech.

32. After engaging in protected activity, Plaintiff was retaliated against for exercising her rights under the First Amendment.

33.     There is thus a causal connection between the refusal to recite the Pledge of Allegiance and the adverse employment action taken thereafter.

34.     Defendants made it clear that they disapproved of Plaintiff's protected speech, and made disparaging remarks to Plaintiff accordingly, including false allegations that she had committed a crime by not reciting the pledge.

35.     Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violations of Plaintiff's rights occurred under color of state law and are actionable.

36.     As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages. Plaintiff is entitled to equitable relief.

**COUNT II**
**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §**
**2000e *et seq*. AGAINST DEFENDANT DOC**

37.     Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

38.     Defendant is an employer as that term is used under the applicable statutes referenced above.

39.     The foregoing allegations establish a cause of action for unlawful discrimination on the basis of race under 42 U.S.C. § 2000e et seq..

7

40.   The foregoing unlawful actions by Defendant were purposeful.

41.   Plaintiff is a member of a protected class because of Plaintiff's race.

42.   There is a causal connection between Plaintiff's race and the Defendant's unlawful action.

43.   Specifically, Plaintiff was singled out for not reciting the pledge, despite other cadets outside of Plaintiff's protected class not doing so. Instructor McLaughlin's comment that she was upset by "people like [Plaintiff]" taking advantage of certain opportunities demonstrates the discriminatory attitude demonstrated toward Plaintiff.

44.   As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages. Plaintiff is entitled to relief.

## COUNT III
## GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.* AGAINST DEFENDANT DOC

45.   Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

46.   Defendant is an employer as that term is used under the applicable statutes referenced above.

8

47. The foregoing allegations establish a cause of action for unlawful discrimination on the basis of gender under 42 U.S.C. § 2000e et seq..

48. The foregoing unlawful actions by Defendant were purposeful.

49. Plaintiff is a member of a protected class because of Plaintiff's gender.

50. There is a causal connection between Plaintiff's gender and the Defendant's unlawful action.

51. Plaintiff, female, was the only cadet subject to discipline for not reciting the pledge of allegiance. Plaintiff observed male cadets not reciting the pledge who did not receive any disciplinary action.

52. As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages. Plaintiff is entitled to relief.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1983

53. Paragraphs 1-24 are re-alleged and reincorporated herein by reference.

54. Plaintiff is black and guaranteed protection against discrimination under 42 U.S.C. §1981, actionable pursuant to 42 U.S.C. §1983.

55. Defendant DOC and its employees were engaged in racially discriminatory conduct towards Plaintiff in violation of her civil rights.

56. Defendant is an employer within the meaning of 42 U.S.C. §1981.

57.     Plaintiff contends that Defendant treated similarly situated white employees more favorably than black employees and she was subjected to disparate treatment as outlined herein.

58.     Defendant's conduct was intentional and it knew, or should have known, that Plaintiff was being discriminated against and treated in a manner less favorable to similarly situated white employees.

59.     As a result of Defendant's violations, Plaintiff has suffered damages.

60.     As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered in injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, humiliation, damage to her reputation, and other past and future pecuniary losses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, IVY BETANCOURT, prays for the following relief:

a)  that process issue and this Court take jurisdiction over this case;

b)  enter Judgment against the Defendants and for the Plaintiff awarding damages against Defendants for the violations of laws enumerated herein;

c) That this Court grant equitable relief against Defendants, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

d) prejudgment interest on monetary recovery obtained pursuant to law;

e) enter judgment against Defendants and for Plaintiff awarding Plaintiff reasonable attorney's fees and costs; and

f) Granting such further relief as is equitable and just.

Dated July 17th, 2023.

/s/ *Tiffany R. Cruz*
Tiffany R. Cruz
Florida Bar No.: 090986
Kevin C. Kostelnik
Florida Bar No.: 0118763
Tiffany R. Cruz
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
Kevin@tiffanycruzlaw.com
Meredith@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com

**CRUZ LAW FIRM, P.A.**
411 N. Calhoun Street
Tallahassee, FL 32301
850-701-8838

ATTORNEYS FOR PLAINTIFF